**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MAGNUM ASSET ACQUISITION, LLC, dba MAGNUM INNOVATIONS, | ) ) ) | CASE NO. 5:19-cv-2930 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | **MEMORANDUM OPINION** |
| GREEN ENERGY TECHNOLOGIES, LLC, et al., | ) ) ) | **AND ORDER** |
| DEFENDANTS. | ) ) ) | |

Before the Court is the motion to remand and for attorney fees filed by plaintiff Magnum Asset Acquisition, LLC ("Magnum" or "plaintiff"). (Doc. No. 7 ["Mot."].) Defendants Green Energy Technologies, LLC, Green Energy Group, LLC, and Green Leaf Holdings, LLC (collectively, "defendants") filed a memorandum in opposition. (Doc. No. 9 ["Opp'n"].) Magnum filed a reply. (Doc. No. 12 ["Reply"].) For the reasons set forth herein, the motion is granted with respect to remand, but denied with respect to attorney fees.

## I.    BACKGROUND

On November 4, 2019, Magnum commenced a civil action against the three defendants by filing its complaint for breach of contract in the Summit County Court of Common Pleas. (Doc. No. 1, Notice of Removal ["Notice"] ¶ 1; *see* Doc. No. 1-1 at 8–14,[1] Complaint ["Compl."].) Defendants were served by mail by the Summit County Clerk of Courts on November 22, 2019. (Notice ¶ 2; *see* Doc. No. 1-2 at 32.)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

Defendants removed the action to this Court within thirty (30) days after receipt of the initial pleading, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). (Notice ¶¶ 4–5.) Defendants further assert that the amount in controversy "exceeds $75,000.00, exclusive of interest and costs[,]" because plaintiff "seeks actual damages of $67,606.74[,]" and "also claims direct and consequential damages[,]" and "further seeks attorney fees." (*Id.* ¶ 7.)

Magnum has moved for remand, arguing that the amount in controversy does not exceed $75,000.00.[2]

## II.    DISCUSSION

### A.    Legal Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Further, "removal statutes are to be strictly construed, and 'all doubts should be resolved against removal.'" *Mays v. City of Flint,* 871 F.3d 437, 442 (6th Cir. 2017) (quoting *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) and citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)). "This is because removal jurisdiction encroaches on state jurisdiction, and the interests of comity and federalism require that federal jurisdiction be exercised only when it is clearly established." *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991).

---

[2] For purposes of federal jurisdiction, "a limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citation omitted). The notice of removal outlines the citizenship of each of the LLCs and their members. (*See* Notice ¶¶ 9–11.) There is no dispute that the parties are completely diverse and that no defendant is a citizen of Ohio, which would preclude removal under 28 U.S.C. § 1441(b)(2). (*See* Opp'n at 64.)

A case may be removed to federal court if there is diversity jurisdiction, which requires complete diversity of citizenship among the parties and an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332. The burden of establishing federal jurisdiction is on the party seeking removal. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (citation omitted).

"[W]hether a case . . . is removable or not . . . is to be determined by the allegations of the complaint or petition[.]" *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281, 38 S. Ct. 237, 62 L. Ed. 713 (1918); *see also Union Planters Nat'l Bank of Memphis v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) ("As a general rule, removability is determined by the pleadings filed by the plaintiff."). Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]" 28 U.S.C. § 1446(c)(2); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938) ("the sum claimed by the plaintiff controls if the claim is apparently made in good faith[]") (citations omitted).

"When the amount pled [in the complaint] does not explicitly meet the amount in controversy requirement, the defendant has the burden of proving that 'more likely than not' this jurisdictional requirement has been met." *Havens v. Red Robin Int'l, Inc.*, No. 1:19 CV 1135, 2019 WL 3412716, at *1 (N.D. Ohio July 29, 2019) (quoting *Rogers v. Wal-Mart Stores Inc.*, 230 F.3d 868, 871 (6th Cir. 2001)). To carry this burden, a defendant "must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 478 (6th Cir. 2014) (citations omitted). "While [defendant] need not show 'to a legal certainty that the amount in controversy met the federal requirement,' it must do more 'than show[] a mere possibility that the jurisdictional amount is satisfied.'" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir.

2006) (citation omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

If the defendant fails to establish subject matter jurisdiction, the Court must remand the action. 28 U.S.C. § 1447(c).

**B.    Analysis**

Magnum argues in its motion to remand that its complaint "is specific as to the compensatory damages sought: $67,606.74." (Mot. at 64.) Although plaintiff admits that the complaint also seeks "unspecified 'consequential damages' and 'attorney fees as may be permitted by law'[]" (*id.*), it argues that "defendants themselves must come forward with facts that support jurisdiction." (*Id.* (citing *Levin, Swedler & Co. v. Everest Nat'l Ins. Co.*, No. 5:09CV1213, 2009 WL 10715777, at *1 (N.D. Ohio July 8, 2009).)

In opposition, defendants argue that they "relied in good faith" on Magnum's assertions in the complaint regarding direct and consequential damages and a claim for attorney fees. (Opp'n at 94.)[3] They assert that they "would agree to a remand if Magnum will stipulate that its damages do not exceed $75,000.00 and that Magnum is not entitled to attorney fees." (*Id.*) In the alternative, they ask the Court to stay the proceedings and allow discovery on "the limited issue of Magnum's damage claims[.]" (*Id.*)

In reply, Magnum notes that it "needs no threats to 'stipulate' that its damages, exclusive of interest and costs[,] do not exceed $75,000. In fact, that very belief forms the basis for [p]laintiff's [c]omplaint and motion to remand." (Reply at 107.) It further asserts that it "does not seek any separate award of 'consequential' damages and 'stipulates' it does not currently know of

---

[3] In a footnote, defendants assert that Green Energy Group and Green Leaf Holdings should be dismissed. (Opp'n at 93 n.1.) This is a matter for another time, on a proper motion.

any 'consequential' damages that exist." (*Id.* at 108.) Magnum also argues that attorney fees are entirely too speculative to use as a basis for the amount in controversy. (*Id.* at 107.)

The Court concludes that defendants have failed to satisfy their burden to show that the amount in controversy is "more likely than not" met, and their demand that Magnum stipulate to that fact in return for defendants' agreement to remand is an improper attempt to shift their burden to Magnum.

This case involves unpaid invoices. The dollar amounts are discernible, are set forth in the complaint, and require little more than a calculator to confirm (that is, if one were not inclined to trust the calculation in the complaint). (*See* Compl. ¶ 10.) The Court is hard pressed to ascertain what possible "consequential" damages there might be—and plaintiff, in its reply brief, has essentially conceded that fact.

Further, attempting to use the mere *possibility* of attorney fees to buttress the amount in controversy is entirely too speculative. "As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007) (citation omitted).[4] Defendants have pointed to nothing suggesting that Magnum would be contractually or statutorily entitled to attorney fees for pursuing its unpaid invoices on a breach of contract theory.

---

[4] In Ohio, there is an exception. "Ohio law has long permitted recovery of attorney fees, even in the absence of statutory authorization, where punitive damages are proper." *Sutherland v. Nationwide Gen. Ins. Co.*, 657 N.E.2d 281, 283–84 (Ohio Ct. App. 1995) (citing cases). Here, Magnum has not sought punitive damages.

### III.    CONCLUSION

For the reasons set forth herein, Magnum's motion (Doc. No. 7) is granted with respect to remand. Magnum also requested an award of attorney fees in connection with this motion, *see* 28 U.S.C. § 1447(c), but the Court finds no basis for such an award. Although not persuaded by defendants' arguments for removal, the Court does not find that defendants "'lacked an objectively reasonable basis for seeking removal.'" *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)). Therefore, the motion (Doc. No. 7) is denied with respect to attorney fees.

**IT IS SO ORDERED**.

Dated: January 23, 2020

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**